UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARK A. CUELLAR, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PENTAGON FEDERAL CREDIT UNION, and JOHN DOES 1-10<br><br>    Defendant. | Case No. 5:24-cv-01476 |

**CLASS ACTION COMPLAINT**

**NOW COMES** MARK A. CUELLAR ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through his undersigned counsel, complaining of PENTAGON FEDERAL CREDIT UNION ("Defendant") and JOHN DOES 1-10 as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Texas Business and Commerce Code § 305.053.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

5. The Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

6. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

7. Plaintiff is a natural person, over 18-years-of-age, who at all times relevant resided in Pleasanton, Texas.

8. Defendant is a federal credit union who provides financial lending to service members.

9. Defendant maintains its principal place of business in McLean, Virginia.

10. JOHN DOES 1-10 are third party vendors/agents that Defendant engages to collect defaulted vehicle loans issued and/or serviced by Defendant.

11. In the collection calls placed by JOHN DOES 1-10, JOHN DOES 1-10 falsely identify themselves as "Pentagon Federal Credit Union."

12. The identities of JOHN DOES 1-10 are unknown to Plaintiff at this time and will be ascertained through discovery.

13. Upon information and belief, Defendant has an agency relationship with JOHN DOES 1-10 whereby Defendant (as the principal) had the right to control and direct the activities of JOHN DOES 1-10 (as the agent) and JOHN DOES 1-10 had the authority to act on behalf of Defendant. Accordingly, Defendant, as the principal of JOHN DOES 1-10, is vicariously liable for the acts of JOHN DOES 1-10.

**FACTUAL ALLEGATIONS**

14. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1338.

15. At all times relevant, Plaintiff's number ending in 1338 was assigned to a cellular telephone service.

16. At all times relevant, Plaintiff was financially responsible for his cellular telephone equipment and services.

17. Plaintiff applied for and was issued a loan by Defendant for $20,000 several years ago.

18. On or around September 2024, Plaintiff allegedly failed to make timely payments to Defendant and Plaintiff's account fell into a delinquent status ("subject debt").

19. As a result of the alleged unpaid balance, Defendant started placing voluminous collections calls to Plaintiff's cellular phone.

20. In the calls that Plaintiff did not answer, Defendant left prerecorded voicemails ("robocalls") on Plaintiff's cellular phone stating:

> "This is a message from Pentagon Federal Credit Union. Please contact us at 1-855-457-0048 regarding one of your accounts."
>
> "Hello, I'm calling from PenFed Credit Union regarding a time-sensitive matter. Please return our call as soon as possible. Our number is 1-800-451-7269. Thank you."

21. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration; (3) the voicemails were all monotone and were conspicuously not left by a live representative; (4) none of the voicemails identified Plaintiff by name; (5) the

voicemail repeated each time; (6) all voicemails referred Plaintiff to the same toll-free number; and (7) none of the voicemails identified the individual that was calling by name.

22. In November of 2024, after submitting to the robocalls for months, Plaintiff, fed up with the invasive robocalls, answered one of Defendant's calls and requested that Defendant cease its collection calls.

23. Despite Plaintiff's request that the robocalls cease, Defendant continued placing robocalls to Plaintiff's cellular phone.

24. In total, Defendant placed over two dozen robocalls calls to Plaintiff's cellular phone after Plaintiff initially requested that the calls cease in November 2024.

25. Defendant's invasive collection calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted phone calls, increased risk of personal injury resulting from the distraction caused by the phone calls, nuisance, annoyance, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

26. Moreover, each time Defendant placed a phone call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize his cellular phone while his phone was ringing.

27. Due to Defendant's refusal to honor Plaintiff's requests that the calls cease, Plaintiff was forced to retain counsel to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

28. All previous paragraphs are expressly adopted and incorporated herein as though fully set forth herein.

29. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals in the United States (1) to whom Defendant or a third party acting on Defendant's behalf, placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) within the four years preceding the date of this complaint through the date of class certification.

30. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

### A.  Numerosity

31. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

32. The exact number of the members of the Putative Class is unknown to Plaintiff at this time and can only be determined through targeted discovery.

33. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

34. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

### B. Commonality and Predominance

35. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

36. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

37. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

38. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

39. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

40. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

41. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

42. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

43. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

44. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### COUNT I:
**Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)**
**(On behalf of Plaintiff and the Members of the Putative Class)**

45. All previous Paragraph of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

46. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because he is an individual.

47. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

48. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than two dozen non-emergency calls to Plaintiff's cellular phone utilizing an artificial or prerecorded voice without Plaintiff's consent.

49. As pled above, Defendant utilized a prerecorded voice that automatically played upon the call reaching Plaintiff's voicemail.

50. Defendant did not have consent to place calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

51. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

52. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA yet continued to employ them to maximize efficiency and profits at the expense of Plaintiff and the Putative Class.

53. As pled above, Plaintiff was harmed by Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. a judgment in Plaintiff's favor finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further unlawful calls to Plaintiff and the members of the Putative Class;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. any further relief this Court deems just and proper.

## COUNT II

**Violations of the Texas Business and Commerce Code §305.053**
**(Plaintiff Individually)**

54. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

55. Pursuant to Texas Bus. & Com. Code §305.053, a person who violates § 227 of the TCPA also violates Texas Bus. & Com. Code §305.053.

56. Defendant violated § 305.053 of the Texas Bus. & Com. Code by violating § 227 of the TCPA as set forth above.

57. Specifically, each phone call made by Defendant that violated the TCPA similarly violated § 305.053 of the Texas Bus. & Com. Code.

**WHEREFORE,** Plaintiff requests the following relief:

A. an order enjoining Defendant from placing further violating calls to Plaintiff;

B. an award of no less than $500.00 for each violating call;

C. an award of treble damages up to $1,500.00;

D. any further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: December 30, 2024

Respectfully submitted,

**MARK A. CUELLAR**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 S. Highland Ave, Suite 200
Lombard, IL 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
*Counsel for Plaintiff*